IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01360-PAB

ADRIAN FLORES, JR.,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

    Defendant.

---

# ORDER

---

This matter comes before the Court on plaintiff Adrian Flores, Jr.'s complaint [Docket No. 3], filed on June 11, 2009. Plaintiff, through counsel, seeks review of the final decision of defendant Michael J. Astrue (the "Commissioner") denying plaintiff's claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-33 and 1381-83c. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).[1] For the following reasons, the Court will affirm the Commissioner's decision.

## I. BACKGROUND

Mr. Flores applied for disability benefits in January 2007,[2] alleging he was unable

---

[1] Neither party requested oral argument. *See* Joint Case Management Plan [Docket No. 10] at 2-3, ¶ 9.

[2] The ALJ stated that plaintiff filed his applications for benefits on January 3, 2007. *See* R. at 10. The record, however, indicates that the plaintiff filed the applications on January 22, 2007. *See* R. at 82, 86; *see also* Docket No. 12 at 11.

to work due to disability beginning December 2, 2006.  After his claim was initially denied on May 9, 2007, an administrative law judge ("ALJ") held a hearing on November 4, 2008.

In a March 19, 2009 decision, the ALJ found that "claimant has the following severe impairments: obesity, status post left clavicle resection, an affective disorder, and a cognitive disorder not otherwise specified (NOS) subsequent to a history of West Nile Virus infection."  R. at 12 (citing 20 C.F.R. §§ 416.1521 *et seq.* and 426.921 *et seq.*).  The ALJ concluded, however, that plaintiff's impairments did not, alone or in combination, meet or equal one of the listed impairments in the regulations.  R. at 13 (citing 20 C.F.R. §§ 404.1525, 404.1526, 404.925 and 416.926).  The ALJ concluded that Mr. Flores retained the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is limited to no more than occasional pushing, pulling or lifting with his left (non-dominant) upper extremity.  In addition he is limited to work with an SVP ["Specific Vocational Preparation"] of 3 or less.

R. at 15.[3]  In light of that RFC, the ALJ found that Mr. Flores could perform past relevant work as a pizza delivery driver, *see* R. at 20, and, therefore, that he was not disabled.  R. at 20.  On April 30, 2009, the Appeals Council declined review, *see* R. at 1-3, making the ALJ's decision the final decision of the Commissioner.

---

[3] *See Dikeman v. Halter*, 245 F.3d 1182, 1186 n.2 (10th Cir. 2001) ("The Dictionary of Occupational Titles, which is published by the U.S. Department of Labor and relied on by the Commissioner for vocational information, assigns an SVP to each job it lists. SVP is defined as 'the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation.'") (citations omitted).

2

## II. ANALYSIS

### A. Standard of Review

Review of the Commissioner's finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). The district court may not reverse an ALJ simply because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in her decision. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The district court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty*, 515 F.3d at 1070. Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### B.  The Five-Step Evaluation Process

To qualify for disability benefits, a claimant must have a medically determinable physical or mental impairment expected to result in death or last for a continuous period of twelve months that prevents the claimant from performing any substantial gainful work that exists in the national economy.  42 U.S.C. § 423(d)(1)-(2).

Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A) (2006).  The Commissioner has established a five-step sequential evaluation process to determine whether a claimant is disabled.  20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).  The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. § 404.1520(b)-(f)).  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  *Casias v. Sec'y of Health and Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

The claimant has the initial burden of establishing a case of disability.  However,

4

"[i]f the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to perform other work in the national economy in view of her age, education, and work experience." *See Fischer-Ross v. Barnhart,* 431 F.3d 729, 731 (10th Cir. 2005); *see also Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5 (1987). While the claimant has the initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts." *Hill v. Sullivan,* 924 F.2d 972, 974 (10th Cir. 1991).

### C. The ALJ's Decision

In this case, the ALJ did not proceed past step four of the sequential evaluation process, concluding that Mr. Flores was capable of engaging in past relevant work. Because the Court concludes that the ALJ's hypothetical question to the vocational expert ("VE") omitted a potentially material restriction, the Court will remand and, as a result, need not fully address all of plaintiff's objections.[4]

At Step Three of the sequential evaluation process, the ALJ relied on a neuropsychological evaluation conducted by Bradley Patterson, Ph.D., to find that plaintiff experiences "moderate difficulties" with "concentration, persistence or pace." R. at 14. However, when the ALJ determined plaintiff's RFC, he indicated that Dr. Patterson's report supported the SVP of 3 or less, but did not include the moderate

---

[4]Mr. Flores argues that the ALJ's conclusion was in error, contending that the ALJ did not properly assess plaintiff's (1) physical impairments, (2) mental impairments, or (3) headaches and fatigue. Docket No. 12 at 3.

5

impairment on concentration, persistence, or pace.

During the hearing, the ALJ posed the following hypothetical question to the VE: "[I]f our hypothetical worker is able to perform work at the light level of exertion which does not require more than occasional reaching, pushing, pulling, or weight-lifting with the left non-dominant upper extremity and has an SVP less than or equal to 3[,] would such a person be able to perform any of the past relevant work of the Claimant?" R. at 48-49. The VE testified that plaintiff's past work as a delivery driver would be covered by the ALJ's hypothetical. R. at 49.

The Court agrees with the plaintiff that "it is difficult to understand how the ALJ could find plaintiff to have a moderate impairment in concentration, persistence or pace at step three, but not include a similar impairment in the RFC finding." Docket No. 16 at 20; *see Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995) (stating that hypothetical to vocational expert "must include all (and only) those impairments borne out by the evidentiary record"). The Commissioner contends that this restriction is somehow captured by the SVP limitation imposed by the ALJ, but cites no authority for the proposition that the SVP, which relates to the amount of time it takes to learn a job, fully encapsulates a moderate impairment in concentration, persistence and pace. *See Stowe v. Shalala*, No. 93-7034, 1993 WL 498171, at *3 (10th Cir. Dec. 2, 1993) ("Hypothetical questions posed to vocational experts must sufficiently relate the claimant's particular physical and mental impairments. However, this court has held that the ALJ need only set forth those physical and mental impairments *accepted as true by the ALJ*, and a hypothetical question will be improper only if it was clearly

6

deficient.") (emphasis added); *Confere v. Astrue*, No. 06-4217, 2007 WL 1196520, at *2-3 (10th Cir. 2007) (remanding because the ALJ's RFC reflected some of the limitations identified by the state agency physicians but not others and the hypothetical did not include all of the limitations) (citing *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)); *cf. Brink v. Commissioner Social Sec. Admin.*, 343 F. App'x 211, 212-13 (9th Cir. 2009) (unpublished) ("Here, the administrative law judge . . . accepted medical evidence that Brink has moderate difficulty maintaining concentration, persistence, or pace. However, the ALJ's initial hypothetical question to the vocational expert referenced only 'simple, repetitive work,' without including limitations on concentration, persistence or pace. This was error."). The Court cannot confidently determine from the record that the failure to include this restriction was a harmless error due to the vocational expert's having been present for the testimony at the hearing, as there was no mention of the moderate limitation during the testimony. *Cf. Diaz v. Secretary of Health and Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990) ("The fact [that] the vocational expert was present and heard testimony concerning Diaz's alleged impairments suggests that the effect of the error, if any, in the administrative law judge's . . . hypothetical, was minimal.").

The ALJ did not proceed past Step Four, so there is no indication or basis to conclude that the failure to include the restriction in the hypothetical at Step Four would have been mooted by the results of a Step Five analysis. The Court cannot, in short, "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*,

357 F.3d 1140, 1145 (10th Cir. 2004). Therefore, this matter will be remanded.

## III. CONCLUSION

For the foregoing reasons, the Court finds that the Commissioner's finding that plaintiff is not disabled under the Act is not based on substantial evidence. Therefore, it is

**ORDERED** that the decision by the Commissioner that the plaintiff is not disabled is REVERSED. This case is REMANDED to the Commissioner for additional proceedings in accordance with this Order.

DATED September 30, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge